U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 2 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID L. MOORE<br>B.O.P. #07267-028 | DOCKET NO. 08-CV-1112; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| U.S. DEPT. OF JUSTICE, ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se complaint of DAVID L. MOORE filed on August 4, 2008. Moore is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Jonesville, Virginia. Plaintiff raises a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). He named as defendants the U.S. Department of Justice, the BOP, Warden Menifee, Officer Walls, Officer Stevens, and John Doe.

The case has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that on June 26, 2007, while incarcerated at USP-Pollock, he was placed in the Special Housing Unit. On July 10, 2007, Plaintiff's property was brought to the Special Housing Unit, in tact, and was to be placed in the property room for that housing unit. In November 2007, Officer Stevens informed Plaintiff

that he could only find two of Plaintiff's three bags of property. A few days later, Plaintiff was transferred to USP-Coleman, along with only two of his three bags of property.

Plaintiff filed an Administrative Tort Claim asking for reimbursement in the amount of $289.64 for the loss of his personal property. Plaintiff received a settlement offer of four dollars and ten cents ($4.10) after depreciation for the loss of a calculator. The letter states, "The other items you claim to be missing were accountable for on the Inmate Personal Property Record form at USP Coleman or were consumable items or there is no receipt you purchased the items." [Doc. #4, p.7]

Rather than accepting the settlement offer, Plaintiff opted to bring suit in this District Court for damages in the amount of $289.64.

**LAW AND ANALYSIS**

I. **SCREENING**

Plaintiff has been allowed to proceed *in forma pauperis*. Therefore, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A, which provides in pertinent: "The court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b); (See also 28 U.S.C. § 1915(e)(2)(B) "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for sua sponte dismissal upon a finding that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. FEDERAL TORT CLAIMS ACT

### A. Proper Named Defendant

It is well-settled that all suits brought under the FTCA must be brought against the United States. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998)("To sue successfully under the FTCA,

3

a plaintiff must name the United States as the sole defendant"); Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir. 1991)("All suits brought under the FTCA must be brought against the United States."); Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988)("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.... Thus, an FTCA claim against a federal agency ... as opposed to the United States itself must be dismissed for want of jurisdiction."). In this case, Plaintiff did not name the United States as a defendant. As a result, the Court lacks the requisite subject matter jurisdiction to decide this matter.

### B. Sovereign Immunity

Even if Plaintiff had named the United States as the defendant, the Court still lacks subject matter jurisdiction. In enacting the FTCA, Congress waived sovereign immunity and made the United States liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §1346(b). Congress excluded certain types of claims from the FTCA, retaining the sovereign immunity of the United States with respect to those exclusions. The exclusion relevant in this case covers "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any

officer of customs or excise or any other law enforcement officer." 28 U.S.C. §2680(c).

In Ali v. Federal Bureau of Prisons, 128 S.Ct. 831 (2008), the Plaintiff was transferred from one facility to another. When his property arrived at the new facility, he noticed that some of the items were missing. The plaintiff made an inventory of the missing items and pursued a claim under the Federal Tort Claims Act. Ultimately, the Court found that the phrase "any other law enforcement officer" as used in §2680(c)) suggested a broad meaning and included the BOP officers who allegedly lost the petitioner's property. Therefore, the United States retained its immunity as to the plaintiff's claim.

Like Ali, in the instant case, Plaintiff claims that **BOP officers** misplaced or lost one of his three **bags of property** prior to or during his transfer to another penitentiary. Based on the reasoning in Ali v. Federal Bureau of Prisons, as well as Chapa v. U.S. Dept. of Justice, 338 F.3d 388 (5th Cir. 2003)[1], the exception contained in section 2680(c)) is applicable. Thus, even if Plaintiff had named the proper defendant, this district court still lacks subject matter jurisdiction over Plaintiff's claim.

---

[1] Prisoner's claim barred by section of the FTCA maintaining sovereign immunity from any claim arising from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

CONCLUSION

For the forgoing reasons, IT IS RECOMMENDED that Plaintiff's complaint be DENIED AND DISMISSED for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)©) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 26th day of March, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE